**Opinion issued May 16, 2017**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-17-00220-CR

_____

**STEVEN ANDRUE ACUNA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1536202**

---

## MEMORANDUM OPINION

Appellant, Steven Andrue Acuna, pleaded guilty to the reduced class A misdemeanor assault charge, with an agreed punishment recommendation of sixty days in county jail.[1] In exchange for appellant's plea, the State had agreed to reduce

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West 2013).

the charge from the third-degree felony offense of assault—bodily injury of a public servant to class A misdemeanor assault.[2]  In accordance with his plea bargain with the State, the trial court found appellant guilty and assessed his punishment at sixty days' confinement in county jail.  The trial court certified that this was a plea-bargain case and that appellant had no right of appeal, but appellant timely appealed.[3]  *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a).  The trial court appointed counsel for appellant, who filed a notice in this Court stating that we lack jurisdiction.  We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 1977); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the clerk's record and states that this is a plea-bargain case and that appellant has no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615.  The record confirms that

---

[2]     *See* TEX. PENAL CODE ANN. § 12.21(2) (West 1994).

[3]     Appellant's notice of appeal from trial court cause number 1525069 has been assigned to appellate cause number 01-17-00219-CR.

appellant pleaded guilty to the reduced class A misdemeanor assault charge and, thus, supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (noting that agreement to plead guilty in exchange for State's reduction of charge is plea bargain under Rule 25.2(a)(2)). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

3